**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALPOSCHINHO JEUDY,

Plaintiff,

v. Case No. 3:26-cv-402-WWB-PDB

U.S. MARSHAL # 1, et al.,

Defendants.

---

**ORDER**

Plaintiff Alposchinho Jeudy, an inmate in the custody of the Federal Bureau of Prisons, initiated this *Bivens*[1] action by filing a pro se Civil Rights Complaint (Doc. 1) and a Motion to Proceed *In Forma Pauperis* (Doc. 2). Plaintiff is suing two U.S. Marshals, whom he identifies as "U.S. Marshal #1" and "U.S. Marshal #2" ("**Marshals**"). (Doc. 1 at 2). He also names as defendants the Federal Bureau of Prisons and the United States Marshals Service because, according to Plaintiff, they are the organizations that were "in control of [his] movement." (*Id.*).

Plaintiff alleges that the Marshals were transporting him and other inmates from the Orlando Federal Courthouse to Tallahassee. (*Id.*). The Marshals made a stop at the Jacksonville Federal Courthouse to drop off paperwork and other supplies. (*Id.*). Marshal #1 hit the left side of the van on a yellow cautionary pole when driving into the parking garage at the Jacksonville Federal Courthouse. (*Id.*). Plaintiff claims that his back was against the left side of the van, and he sustained injuries to his neck and back. (*Id.*). He

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

allegedly asked for medical attention but received none. (*Id.*). When Plaintiff arrived in Tallahassee, he received medication at intake but was advised that he had to wait until he got to his "destinated holding place" to see a doctor. (*Id.* at 6). Plaintiff claims that he was not seen by "medical" until almost a month after the accident. (*Id.* at 7).

Plaintiff further claims that he now has "severe neck and back pains," and "it hurts to get out of bed." (*Id.* at 6). Plaintiff maintains that the Marshals' actions violated his Eighth Amendments right to be free from cruel and unusual punishment. (*Id.* at 7). As relief, Plaintiff seeks monetary damages as well as "paid physical therapy" for his back and neck. (*Id.*).

## I. LEGAL STANDARD

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1). The PLRA's failure-to-state-a-claim language mirrors the language in Federal Rule of Civil Procedure 12(b)(6), so courts therefore apply the same standard in both contexts. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In reviewing a complaint, a court must accept a plaintiff's allegations as true. *See id.* at 678. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*,

429 U.S. 97, 106 (1979) (internal citations omitted). However, "[l]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

### A. Claims Against the Federal Bureau of Prisons and United States Marshals Service

First, Plaintiff alleges that the Federal Bureau of Prisons and the United States Marshals Service were the organizations in control of his transportation from Orlando to Tallahassee. (Doc. 1 at 2, 5). In *Bivens*, the Supreme Court established a cause of action for monetary damages against federal officials in their individual capacities for a violation of a federal constitutional right. 403 U.S. 388. *Bivens* claims, however, are "only cognizable when brought against federal officers . . . ." *United States v. 1461 W. 42nd St., Hialeah, Fla.*, 251 F.3d 1329, 1339–40 (11th Cir. 2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Federal agencies themselves cannot be sued for damages arising from an alleged violation of a plaintiff's constitutional rights. *See id.* As such, Plaintiff's claims against the Federal Bureau of Prisons and the United States Marshals Service are subject to dismissal for failure to state a claim upon which relief could be granted.

### B. Claims Against the U.S. Marshals

Next, Plaintiff claims that the Marshals violated his Eighth Amendment rights because they did not provide him medical treatment after the accident. (Doc. 1 at 5–7). The scope of recovery under *Bivens* has been routinely limited to three narrow categories of constitutional claims: (1) Fourth Amendment claim against FBI agents' alleged unlawful seizure and use of unreasonable force, *Bivens* 403 U.S. at 388; (2) Fifth Amendment Due Process Clause claim alleging gender discrimination after a Congressman fired his

female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) Eighth Amendment claim against cruel and unusual punishment where prison officials allegedly failed to treat an inmate's asthma resulting in the inmate's death, *Carlson v. Green*, 446 U.S. 14 (1980).

Since deciding *Bivens*, *Davis*, and *Carlson*, the Supreme Court has "adopted a far more cautious course before finding implied causes of action[,]" and thus, the Court "has consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 582 U.S. 120, 132, 135 (2017) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)); *see Johnson v. Terry*, 119 F.4th 840, 846–47 (11th Cir. 2024) (collecting cases in which the Court has declined to extend *Bivens*). Therefore, expanding *Bivens* has been characterized as a "disfavored judicial activity." *Ziglar*, 582 U.S. 120 (2017); *Egbert v. Boule*, 596 U.S. 482, 491 (2022).

To determine whether a claim is cognizable under *Bivens*, courts perform a two-step analysis. *See Egbert*, 596 U.S. at 495. First, courts "ask whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the other three cases in which the [Supreme] Court has implied a damages action." *Id.* (cleaned up). The new context inquiry is easy to satisfy because even the smallest differences between the claim and previously recognized *Bivens* claims can constitute a new context. *See id.* (stating that even if a case presents "almost parallel circumstances" and the claims are similar, such "superficial similarities are not enough to support the judicial creation of a cause of action" (quotations and citations omitted)); *see also Hernandez v. Mesa*, 598 U.S. 93, 102 (2020) (stating that a new context is "broad"). Second, if a claim presents a new context, then "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary

is at least arguably less equipped than Congress, to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Johnson*, 119 F.4th at 851.

Here, other than the fact that Plaintiff attempts to assert a deliberate indifference claim as in *Carlson*, the facts as alleged here in Plaintiff's complaint are meaningfully different. *See Johnson*, 119 F.4th at 840, 851 (*citing Ziglar*, 582 U.S. at 138-39) ("[I]t is not enough that the case involves the same constitutional right and mechanism of injury" for a case to arise in a previously recognized *Bivens* context.). The present case involves U.S. Marshals and not prison officials. (Doc. 1 at 2, 5–7); *see Carlson*, 446 U.S. at 16, 17 n.1. Further, the Plaintiff here suffered neck and back pain as opposed to asthma, and the Plaintiff did not die as a result of his condition. *See id.* Therefore, the Court finds that Plaintiff's claim presents a new context.

In regard to the second step, one special factor counseling hesitation is the existence of an alternative remedial structure to remedy the harm Plaintiff has alleged. "[I]f Congress has already provided, or has authorized the Executive to provide an alternative remedial structure" to address a plaintiff's allegations, an additional *Bivens* remedy is not needed. *Egbert*, 596 U.S. at 493. "In order words, if there is any alternative, existing process for protecting the injured party's interest, the purpose of creating *Bivens* actions has already been realized by another means." *Johnson*, 119 F.4th at 859.

Here, the United States Marshals Service's administrative remedy program provides an alternative remedy to investigate complaints of employee misconduct. *See Robinson v. Heinze*, 655 F. Supp. 3d 1276, 1284–85 (N.D. Ga. 2023) (finding that the United States Marshals Service had adequate oversight procedures to counsel against recognizing a *Bivens* claim); *accord Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1359–

61 (10th Cir. 2024). The Eleventh Circuit has explained that "[t]he only consideration" under this step is "whether there is a remedial process in place that is intended to redress the kind of harm faced by those like the plaintiff." *Johnson*, 119 F.4th at 860. Because the United States Marshals Service has implemented a program to address grievances against its employees, the Court finds that Plaintiff's claim is not cognizable under *Bivens*. As such, the Complaint will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. The Clerk is directed to enter judgment dismissing the case without prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** at Jacksonville, Florida, on September 17, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

CC-2
c: Alposchinho Jeudy